**BILLIE LM ADDLEMAN**
**BRIDGETTE G. GALLAGHER**
Hirst Applegate, LLP
1720 Carey Avenue, Suite 400
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
bgallagher@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RICHARD FLECK,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLASS ROOFING COMPANY, a Colorado corporation; EARL F. DOUGLASS ROOFING COMPANY, D/B/A DOUGLASS ROOFING COMPANY, a Colorado corporation; DOUGLASS COLONY ROOFING GROUP, INC., Colorado corporation, DOUGLASS COLONY GROUP, INC., a Colorado Corporation,<br><br>Defendant. | } | Civil No. 13-CV-231-F |

# *DEFENDANT DOUGLASS COLONY GROUP, INC.'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND INFLAMMATORY STATEMENTS AND GOLDEN RULE ARGUMENT*

Defendant Douglass Colony Group, Inc. ("Douglass" or "Defendant") respectfully moves the Court for an Order *in limine* prohibiting Plaintiff from using, soliciting or proffering irrelevant, inflammatory or misleading statements or statements asserting any intentional or willful or wanton conduct by Defendant.

Several times during the course of this case, Plaintiff has made inflammatory allegations that were not based in fact. These allegations are not relevant to the claims before the Court. FED. R. EVID. 401 and 401. Further, as explained below, these accusations are barred under FED. R. EVID. 403. Additionally, many of Plaintiff's allegations appear to be made in support of a punitive damages claim, which has already been dismissed. *See Order Granting Defendant's Motion for Partial Summary Judgment on Punitive Damages and Denying Plaintiff's Motion for Partial Summary Judgment.* (Doc. No. 50). Examples of arguments or testimony that Plaintiff has made in the past and may claim at trial include:

1. "Bluntly, Defendant proclaimed by its conduct that "**Safety is for Sissies.** . ." *Plaintiff's Response and Opposition to Defendant's Motion to Dismiss the Claim for Punitive Damages* (Doc. No. 44) at p. 4. (emphasis added).

2. Undersigned counsel has litigated the fact pattern before; the last time, the worker was struck atop his head, and instantly rendered quadriplegic. **Either of these workers could easily have been killed.**"
*Plaintiff's Response and Opposition to Defendant's Motion to Dismiss the Claim for Punitive Damages (Doc. No. 44) at* p.7 n.16. (emphasis added).

3. "Defendant maintains – while disavowing any actual knowledge – that its laborer, Mr. Luna, **flung the box** of caulk from its perch roughly midway between the peak of the roof and the lower edge of the roof . . . The jury will see that **active horseplay is much more likely.**"
*Plaintiff's Response to Defendant's Motion for Partial Summary Judgment on Punitive Damages* (Doc. No. 44) at p.8 n.17. (emphasis added).

4. "Without warning, Plaintiff was struck by Defendant Douglass Roofing's "**unguided missile**" box of roofing supplies with great force and violence."
*Complaint* (Doc. No. 1) at ¶¶ 35 and 39. (emphasis added).



HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

5. "Plaintiff was in the unmarked, **unprotected zone of danger** on the ground below, on the side of the building opposite to where Defendant Douglass Roofing was supposed to be working."
*Complaint* (Doc. No. 1.) at ¶¶ 10, 11, 12, 13, 36, 37, 42. (emphasis added).

These phrases are inflammatory, without foundation and are unfairly prejudicial to Defendant. Further, some of Plaintiff's statements are misleading in that they insinuate that the Defendant acted intentionally in causing roofing materials to fall from the roof of Building 250. Allegations that Defendant had a policy that "safety is for sissies" or that Plaintiff was struck by an "unguided missile" while standing in a "zone of danger," are not based in fact or admissible evidence. Plaintiff admitted that he has never heard of or used those terms. *See* **Exhibit A** at pp.109-110. Instead, they are blatant attempts to play to the jury's passions.

Most concerning is that Plaintiff may attempt to ask jurors to speculate about what *could* have happened in this case, instead of considering the *actual* facts of the case. The Plaintiff was not rendered a quadriplegic or fatally injured from this incident. The Plaintiff is essentially following what is known as the "Reptile" trial strategy. This tactic is derived from a book by David Ball and Don Keenan entitled "*Reptile: The 2009 Manual of The Plaintiff's Revolution*." The Reptile theory seeks to invoke the part of the brain that controls basic life functions such as breathing, hunger, and survival and, instinctively, the reptilian brain overpowers the cognitive and emotional parts of the brain when those life functions become threatened. *Id.* at 17, 19, 73.

Reptile strategy is a veiled "Golden Rule" argument that seeks to persuade jurors to decide a case not on the evidence presented at trial, but rather, on the potential harms and losses that *could* have occurred within the community, which includes each juror and his or her family members. Golden rule argument is not allowed in Wyoming. *See Blevins v. Cessna*



HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

*Aircraft Co.*, 728 F.2d 1576, 1580 (10th Cir. 1984) ("A Golden Rule appeal 'is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence."); *Logan v. Pac. Intermountain Express Co.*, 400 P.2d 488, 494 (Wyo. 1965) ("[t]he mischief of such an argument is that it tends to influence jurors to depart from their role of impartiality and step into the shoes of a litigant. As a general rule such a practice is condemned . . ."); *Henman v. Klinger*, 409 P.2d 631, 632 (Wyo. 1966) (Plaintiff's counsel's Golden Rule argument is an "obvious impropriety").

Golden rule arguments encourage jurors to depart from their instructed duties. Federal Civil Jury Instructions from this Court state:

> You [the juror] must perform your duties as jurors without **bias or prejudice** as to any party. **The law does not permit you to be controlled by sympathy, prejudice, or public opinion.** All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

*Freudenthal Stock Jury Instructions*. **Exhibit B**. *See also Wyoming Pattern Civil Jury Instruction 1.03*. **Exhibit C**. The law is clear that the jury is not to be controlled by feelings of sympathy or prejudice, therefore Plaintiff's misleading and inflammatory assertions are improper at trial. Plaintiff should not be allowed to use such tactics.

***WHEREFORE***, for the foregoing reasons, Defendant respectfully seeks that this Court enter an Order granting its Motion prohibiting any irrelevant, prejudicial, inflammatory or misleading comments, reference, evidence, testimony or argument from being made, introduced or admitted at trial.



HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

Dated: 12 September 2014.

DOUGLASS COLONY GROUP, INC.et al,
Defendants

BY: ____________________________

**BILLIE LM ADDLEMAN, #6-3690**
**BRIDGETTE G. GALLAGHER, #7-5016**
OF HIRST APPLEGATE
Attorneys for Defendants
1720 Carey Avenue, Suite 400
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
bgallagher@hirstapplegate.com

and

**TIFFANIE D. STASIAK, pro hac vice**
**MICHAEL E. BONIFAZI, pro hac vice**
Kutak Rock LLP
1801 California Street, Suite 3000
Denver, CO 80202
Phone: (303-292-7865
Fax: (303) 292-7799
Tiffanie.Stasiak@KutakRock.com
MichaelBonifazi@KutakRock.com

**CERTIFICATE OF SERVICE**

I certify the foregoing ***Defendant Douglass Colony Group, Inc.'s Motion in Limine to Exclude Irrelevant and Inflammatory Statements and Golden Rule Argument*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 12 September 2014, and that copies were served as follows:

Donald J. Sullivan, Esq.
Sullivan Law Offices, P.C.
2103 Evans Avenue
Cheyenne WY 82001
*Attorney for Plaintiff*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

____________________________
OF HIRST APPLEGATE, LLP
Attorneys for Defendants

# EXHIBIT A

A. I'm not sure.

Q. If you'd go to paragraph 5 on the next page. On paragraph 5, do you see where it references a Building 251?

A. Yes.

MR. ADDLEMAN: I'm just wondering if that was maybe just a typo and it should have been Building 250. Is that what it is, Don?

MR. SULLIVAN: Yes.

Q. (BY MR. ADDLEMAN) You're not aware of another building where you working in that day?

A. No.

MR. SULLIVAN: Counsel, I will stipulate that this is my blunder.

MR. ADDLEMAN: No. And I've seen it referenced as 251, so I just wanted to make sure I wasn't missing a smoking gun.

Q. (BY MR. ADDLEMAN) If you'd turn to paragraph 35. On the last sentence of that, it refers to an unguided missile, and it's in quotes. Do you see that?

A. Yes.

Q. Is that a term that you've used in the past?

A. Not that I recall.

Q. Okay. Have you ever heard of this -- has anyone referred to this object that hit you as an unguided missile?

A. Not to my knowledge.

Q. Okay. And then on paragraph 37 on the next page, it references an unprotected zone of danger. Do you see that?

A. Uh-hum.

Q. Is that a yes?

A. Yes.

Q. Have you ever used that term when it comes -- as it relates with respect to this accident?

A. Not specifically.

Q. Have you ever used the term "unprotected zone of danger"?

A. No.

Q. Okay. When you say "not specifically," what do you mean by that?

A. I would have said something -- used just different words to where it was extremely dangerous and unmarked.

Q. When was the last time you looked at your Workers' Comp Report of Injury?

MR. SULLIVAN: You mean before today, right?

Q. (BY MR. ADDLEMAN) Yeah, before today.

A. Specifically, I don't remember, but a very long time.

# EXHIBIT B

Instruction No. ____

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in these instructions of the Court; just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You are to disregard any evidence offered at trial and rejected by the Court. You are not to consider the opening statements and the arguments of counsel as evidence. Their purpose is merely to assist you in analyzing and considering the evidence presented at trial. The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

# EXHIBIT C

1.03

## GENERAL INSTRUCTIONS BEFORE FINAL ARGUMENT

I will now read the last set of jury instructions to you; the instructions are the law you must apply. It is your duty to follow the law as stated in all of the instructions and to apply the law to the facts as you find them from the evidence presented during the trial.

The attorneys may refer to the law in their closing arguments and it is entirely fitting they do so. However, if there appears any difference between the law, as stated or implied by an attorney, and my instruction, you are to be governed by the instructions. You may not be concerned with the wisdom of any rule of law; regardless of your opinion as to what the law ought to be, you must apply the law as instructed.

It is your responsibility to evaluate the evidence and determine the facts of this case. In finding the facts, you must consider all of the evidence presented. You may not assume, suppose, speculate, or otherwise guess to find a fact; however, you may draw reasonable inferences and conclusions from the evidence based upon your general knowledge, observations, and experience in the affairs of life.

The parties rely on each of you to exercise sincere and sound judgment in your deliberation. You should not be governed by sentiment, conjecture, sympathy, passion, prejudice, public opinion, or public feeling for or against any party. You must consider the evidence, apply the law as instructed, and reach a just verdict regardless of the consequences.

Your attitude as you begin deliberation is important. It is not useful for any juror to announce a firm decision upon entering the jury room. You should decide only after free and full discussion of the evidence and upon careful and thoughtful deliberation.

During deliberation, I would encourage each of you to state your position and explain your reasoning. You should consider the position and reasoning offered by others. In the course of discussions, do not hesitate to re-examine your views. You do not have to change your mind because others disagree, but you should keep an open mind.

When it comes time to vote, do so according to your best judgment, applying the law as instructed to the facts. Always keep in mind that you are not partisans or advocates, but jurors. Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

I have not intentionally emphasized any part of these instructions, even though I may have stated some of them in varying ways. You are not to single out a certain instruction or part of an instruction and ignore the rest. You must consider all the instructions as a whole and regard each in the light of all others. The order in which the instructions are given has no significance.

When you retire to the jury room, you first will select one of your numbers to act as Jury Foreperson, who will preside over your deliberations and who will sign the verdict to which you agree. When you have selected a Jury Foreperson, you will proceed to discuss the case and deliberate. When you have reached your verdict, your Jury Foreperson should sign the Verdict Form and give it to the Bailiff.

Use Note (2013):

Copies of the jury instructions should be provided to each juror at the beginning of the trial.

Authority: